UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY JONES, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>vs.<br><br>AST SPORTS SCIENCE, INC.; and DOES 1-10, Inclusive,<br><br>    Defendants. | CASE NO. 13-CV-2434 BEN (RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Docket No. 7] |

Presently before the Court is Defendant AST Sports Science, Inc.'s Motion to Dismiss the Complaint. (Docket No. 7.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

Defendant AST Sports Science, Inc. manufactures, markets, and sells "Anabolic Rush" as a "dietary supplement." Anabolic Rush is marketed as aiding muscle and body-building. Defendant claims that Anabolic Rush contains citrulline malate, which is designed to promote "Energy," "Strength," "Size," and "Power."

Plaintiff Corey Jones is a California resident who purchased Anabolic Rush in 2012. Plaintiff alleges that "a laboratory analysis conducted utilizing state-of-the-art liquid chromatography-mass spectroscopy ('LCMS') protocol shows that the product contains no citrulline malate, and, thus, cannot provide the results promised, cannot

perform as Defendant claims, and does not contain the active ingredients promised." (Compl. ¶ 1.)

On October 9, 2013, Plaintiff filed this proposed class action, alleging three claims: (1) violations of California's False Advertising Law (California Business & Professions Code §§ 17500, *et seq.*), (2) unlawful, fraudulent and unfair business practices (California Business & Professions Code §§ 17200, *et seq.*), and (3) violation of the Consumers Legal Remedies Act (California Civil Code §§ 1750, *et seq.*).

Presently before the Court is Defendant's Motion to Dismiss for lack of jurisdiction and for failure to state a claim.

## DISCUSSION

Plaintiff alleges that this Court has diversity jurisdiction over this proposed class action pursuant to the Class Action Fairness Act ("CAFA"). CAFA vests district courts with "'original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013). "The burden of persuasion for establishing diversity jurisdiction . . . [rests] on the party asserting it. When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) (internal citations omitted).

To establish subject matter jurisdiction, plaintiffs "may rely on calculations to satisfy their burden so long as their calculations are good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*, No. SACV 10-01141, 2011 WL 499390, at *2 (C.D. Cal. Feb. 10, 2011). However, "a plaintiff must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum." *Baxter v. Rodale, Inc.*, No. CV 12-

00585, 2012 WL 1267880, at *1 (C.D. Cal. Apr. 12, 2012) (internal quotation marks omitted). Conclusory allegations devoid of factual support are insufficient. *See, e.g.*, *Lowdermilk*, 479 F.3d at 1002; *Melvin v. Blue Diamond Growers*, No. SACV 13-1746, 2013 WL 7137775, at *1-2 (C.D. Cal. Dec. 23, 2013); *Baxter*, 2012 WL 1267880, at *1-2.

Here, Plaintiff alleges that "Defendant has wrongfully taken millions of dollars from consumers nationwide." (Compl. ¶ 14.) This conclusion is based on the allegations that (1) "tens of thousands of California and United States consumers" have allegedly been led in an "ongoing deception" by Defendant (*id.* ¶ 2), (2) Defendant "sells a one-month supply of the Product for approximately $40.00" (*id.* ¶ 14), and (3) the proposed class covers "[a]ll persons located within the United States who purchased Anabolic Rush during the four years preceding the filing of this complaint through the date of final judgment in this action" (*id.* ¶ 16).

These allegations, however, are conclusory and devoid of factual support. First, Plaintiff does not provide any factual support for the allegation that "tens of thousands of California and United States consumers" have been deceived. Plaintiff does not allege what market share is held by Defendant in Anabolic Rush or in any other dietary supplement product. The complaint contains no allegations of sales figures, industry studies, or estimates supporting these claims. Second, Plaintiff does not provide any factual support for the allegation that Anabolic Rush did not contain citrulline malate during the entire class period. Plaintiff appears to have conducted only a single test on one sample of the Anabolic Rush. (*Id.* ¶¶ 1, 12.)

In contrast, Defendant submits evidence showing that the amount in controversy is far below $5 million for the proposed four-year class period from October 2009 to October 2013. In a declaration, Denise Pedersen, Vice President of AST, testifies that the total nationwide unit sales for Anabolic Rush during the proposed class period were approximately 5,399 units, with revenues of approximately $161,792.66. (Pedersen Decl. ¶ 5.) Approximately 520 units of Anabolic Rush were sold in California during

the proposed class period, with revenues of approximately $15,513.58. (*Id.* ¶ 6.)

Plaintiff argues that the minimum amount in controversy requirement is presumptively satisfied by Plaintiff's allegation that there is over $5 million in controversy, unless it appears to a legal certainty that his claim is actually for less than the jurisdictional minimum. In *Knowles*, however, the Supreme Court overruled this legal certainty test. 133 S. Ct. at 1348-49; *see also Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

Accordingly, Plaintiff has failed to show that the amount in controversy exceeds $5 million, as required for this Court to have jurisdiction pursuant to CAFA. As this issue is dispositive, the parties' remaining arguments will not be addressed. This action is **DISMISSED** for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. This action is **DISMISSED**.

**IT IS SO ORDERED.**

DATED: 5/8/14

HON. ROGER T. BENITEZ
United States District Judge